# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

KEALE LIPARI, )
)
        Plaintiff, )
)
        v. )     No. 10-0779-SSA-CV-W-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
        Defendant. )

## ORDER

Plaintiff Keale Lipari seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

Plaintiff filed her application for disability insurance benefits on February 22, 2007, alleging she became disabled on October 1, 2002. After the application was administratively denied, plaintiff requested a de novo administrative hearing. An administrative hearing was held before the Administrative Law Judge (ALJ) on November 4, 2009. On March 12, 2010, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined by the Social Security Act. The Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments of the parties are presented in the briefs and will not be repeated here.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

Here, the ALJ concluded that while plaintiff suffered from the severe impairments of attention deficit hyperactivity disorder (ADHD), major depressive disorder, anxiety disorder, and asthma, she concluded that plaintiff still retained the residual functional capacity to perform light work, except plaintiff must avoid exposure to concentrated amounts of dust, fumes, or chemicals that could be pulmonary irritants; be limited to routine work with only occasional changes in processes and no multitasking; should not perform work involving the handling of money or operation of cash register; and be limited to work with minimal reading and mostly oral instructions and demonstrations.

Plaintiff alleges that the ALJ improperly determined her to be not disabled under the Social Security Act. Plaintiff alleges that the ALJ erred in giving substantial weight to consulting physicians, Drs. Panek and Bucklew, while giving little weight to the opinion of her treating physician, Dr. Michael Everson. Plaintiff further alleges that while the ALJ's decision claims to give substantial weight to the opinions of Drs. Panek and Bucklew to support her finding that plaintiff is not disabled, the ALJ erroneously ignores parts of these doctors' opinions without explanation.

Upon review, the ALJ did not err in giving little weight to the opinion of the treating physician, Dr. Everson. An ALJ is entitled to discount the opinion of the treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 818 (8th Cir. 2007). Here, the ALJ properly discussed reasons for giving little weight

to the opinion of Dr. Everson , noting, specifically, that Dr. Everson's opinions were inconsistent with the weight of the evidence, his prescribed treatment and plaintiff's global assessment of functioning scores indicative of mild-to-moderate limitations in functioning.  The ALJ further noted that Dr. Everson's opinion appeared to be advocating for plaintiff.

After determining that the treating physician's opinion should be given little weight, the ALJ did not err in giving substantial weight to the opinions of consulting physicians, Drs. Panek and Bucklew.  "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment."  Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir.2004).  The regulations specifically provide that the opinions of non-treating physicians may be considered.  20 C.F.R. § 404.1527(f).  Having determined that Dr. Everson's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians.  Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006).  See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007).  Here, the ALJ reviewed the evidence in the record, determined that the opinions of the consulting physicians were consistent with the totality of the evidence in the record, and therefore, afforded these opinions substantial weight.  The Court finds no basis for concluding that the ALJ committed reversible error by giving undue weight to the opinions of the consulting physicians.

Plaintiff's argument that the ALJ improperly ignored parts of the consulting physicians' reports on which she claimed to give substantial weight is not supported by the evidence.  A review of the opinions of Drs. Panek and Bucklew, as set forth below, shows that the ALJ properly incorporated their opinions into her residual functional capacity (RFC) determination for the plaintiff.

Plaintiff's allegation as to Dr. Panek's mental RFC report is that the ALJ ignored the environmental restrictions set forth by Dr. Panek on the RFC form.  A review Dr. Panek's RFC report shows that, consistent with plaintiff's allegation, Dr. Panek's report does indicate that plaintiff should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity and hazards (machinery, heights, etc.).  However, plaintiff fails to acknowledge that Dr. Panek specifically notes that his reason for marking these limitations on the RFC form is because of plaintiff's asthma, and that the ALJ's RFC provided for environmental restrictions for plaintiff's

3

asthma. Dr. Panek specifically notes on Line 9 of the form that the environmental limitation restrictions he was marking were being "restricted secondary to asthma." While the ALJ's opinion does not adopt word-for-word the restrictions set forth in Dr. Panek's form, the ALJ clearly considered these environmental restrictions of Dr. Panek and tailored her RFC determination to address Dr. Panek's concerns for environmental pollutants that could exacerbate plaintiff's asthma. The ALJ's RFC specifically stated that "claimant must avoid exposure to concentrated amounts of dust, fumes or chemicals that would be pulmonary irritants." This RFC does not ignore the environmental restrictions by Dr. Panek as alleged by plaintiff. The ALJ's RFC as to plaintiff's asthma is consistent with the overall determination of Dr. Panek, whose RFC report specifically notes "[c]laimant has had asthma since childhood. She takes advair daily. Overall, her asthma is well controlled."

Plaintiff's allegation as to Dr. Bucklew's mental RFC report is that the ALJ ignored Dr. Bucklew's assessment which indicates that plaintiff was moderately limited in areas related to 1) working in coordination or proximity of others without being distracted, 2) ability to interact with the general public; and 3) ability to get along with co-workers without distracting them or exhibiting behavioral extremes. A review of Dr. Bucklew's RFC assessment does support that Dr. Bucklew noted these limitations for plaintiff. However, plaintiff's argument fails to address or acknowledge the explanation provided by Dr. Bucklew as to the limitations he indicated for plaintiff in his mental RFC assessment. Pursuant to section III of the RFC form, Dr. Bucklew was to explain the deficiencies he indicated on the form and clarify limitation or function ability of plaintiff. Dr. Bucklew's explanation in section III states that plaintiff has a history of treatment for ADHD and depression, but that she has not seen her psychiatrist for a number of years, and that the psychiatrist's records show that plaintiff's mental status has been largely within normal limits since April 21, 2004, and that her depression is now in remission. Dr. Bucklew goes on to note that the records do not support plaintiff's allegation that she was too distracted to complete work as a hair stylist. Dr. Bucklew's explanation concludes with the statement that "[w]ith continued treatment, claimant may be limited for distracting environments, but she is otherwise able to remember, understand, and complete a variety of instructions." As discussed with Dr. Panek, the ALJ need not use the exact words of the RFC form completed by

Dr. Bucklew in order to properly consider all parts of Dr. Bucklew's opinion. Here, the evidence does not show that any part of Dr. Bucklew's RFC was improperly ignored. The ALJ's RFC shows she properly took into account plaintiff's mental limitations. This is evidenced by the ALJ's restriction that plaintiff not only be limited to light work, but that she also be limited to "routine work with only occasional changes in processes and no multi-tasking; should not perform work involving the handling fo money or operation of a cash register; and should be limited to work with minimal reading and mostly oral instructions and demonstrations."

For the reasons set forth above, despite evidence in the record that might sustain a different finding, the ALJ's conclusion that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record.

Accordingly, it is hereby

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 18th day of May, 2011, at Jefferson City, Missouri.


/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge